# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 15, 2021

Lyle W. Cayce
Clerk

No. 19-60888
Summary Calendar

Maria Vandelice De Bastos,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 536 828

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Maria Vandelice de Bastos, a native and citizen of Brazil, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal of the Immigration Judge's (IJ) denial of her application for asylum and withholding of removal. De Bastos alleges that

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

she has faced persecution and will face future persecution from a police officer because of her membership in the particular social group of grandmothers caring for special needs children and her imputed political opinion of being a whistleblower against school corruption.

We review the final decision of the BIA and also consider the IJ's decision where it influenced the determination of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). We also review the factual findings of an immigration court for substantial evidence, while legal questions are reviewed de novo. *Id.* at 594.

Substantial record evidence supports the BIA's finding that de Bastos did not establish the requisite nexus between any past or future persecution and her alleged membership in a particular social group to sustain her claim for asylum. De Bastos testified that the police officer persecuted her not because she was a grandmother of a special needs child but because de Bastos's complaints about her grandson's school resulted in the police officer's sister losing her job. "[A] personal vendetta or desire for revenge is not persecution on account of a protected ground." *Martinez-Manzanares v. Barr*, 925 F.3d 222, 227 (5th Cir. 2019) (internal quotation marks and citation omitted). The record evidence therefore does not compel a conclusion that de Bastos was persecuted for being a member of the particular social group of individuals who are grandparents to children with special needs. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013).

In addition, at best, de Bastos offers only conclusional assertions "of a generalized 'political' motive" for the harm she endured. *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 482 (1992). The record and pleadings as a whole instead reflect that the alleged persecutor's motive was based upon personal animus, and de Bastos points to no evidence that would compel the conclusion that the police officer might persecute her "to any extent on

account of or motivated by [her] political opinion," imputed or otherwise. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 350 (5th Cir. 2002).

De Bastos also contends that the BIA did not consider fully the country conditions report she submitted to the agency. However, that argument is an insufficient ground for reversal. *See Mikhael v. I.N.S.*, 115 F.3d 299, 304 (5th Cir. 1997). Moreover, the BIA is not required to "address evidentiary minutiae or write any lengthy exegesis, [but] its decision must reflect meaningful consideration of the relevant substantial evidence supporting the alien's claims." *Abdel-Masieh v. I.N.S.*, 73 F.3d 579, 585 (5th Cir. 1996) (internal citation omitted).

In light of the foregoing, substantial evidence supports the denial of de Bastos's application for asylum. *See Zhu*, 493 F.3d at 593. Because de Bastos did not establish eligibility for asylum, she necessarily has not established eligibility for withholding of removal. *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).

The petition for review is DENIED.